WILLIAM H. ADAMS, Appellant, *v.* JOHN IVES et al., Respondents.

(Argued December 17, 1875; decided December 21, 1875.)

THIS action was brought against defendants as commissioners appointed in pursuance of the statutes (chap. 217, Laws of 1869 ; amended by chap. 619, Laws of 1870) for the purpose of improving Atlantic avenue, in the county of Kings, to compel them to enter into a contract with plaintiff, and to restrain them from entering into a contract with others. (Reported below, 1 Hun, 457.)

The said commissioners advertised for proposals, each to be accompanied by the consent of two sureties, who should be satisfactory to the commissioners, that they would become bound for the faithful performance of the work. Plaintiff put in a bid naming as sureties Samuel G. Adams and William Miles. The bid was accepted and the details of the con-

tract agreed upon. Miles declining to become surety, plaintiff gave the name of another, whom defendants refused to accept, and notified plaintiff to sign the contract and to execute the bond with the sureties named, or that his bid would be considered withdrawn. This not having been done, defendants entered into a contract with other parties. *Held*, that the action was without precedent, considered either as an action to compel public officers to enter into a contract for a public work which was its form, or as an action to recover damages against them individually; that it was at least doubtful whether the character of the action could be so changed as to make it one for damages. But without deciding this question or the question whether an action of this character could be maintained against public officials under any circumstances, *held*, that plaintiff had entirely failed to sustain his complaint or to show a cause of action against defendants either officially or individually; that until the negotiations were terminated and the minds of the parties had met in a perfected agreement, no action would be maintained by either; but even if this were otherwise, plaintiff had no standing in court, as he at no time tendered performance or was able to perform; that defendants were under no obligations to accept any sureties other than those named in the proposal.

*Hicks* v. *Whitmore* (12 Wend., 548); *Mills* v. *Hunt* (20 id., 431) distinguished.

Also, *held*, that public officers, in considering whether proposed sureties were proper to be accepted as sufficient, were not limited to the inquiry as to their reputed or actual responsibility; but their vocation, business habits, character of their investments and property, their character for integrity and prudence, and many other things, might properly influence the officials' decision.

*James R. Adams* for the appellant.

*D. P. Barnard* for the respondents.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.